**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0780n.06

Case Nos. 09-1528, 09-1530

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Dec 22, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| HERSCHEL B. MINIFEE, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MOORE, SUTTON and FRIEDMAN,[*] Circuit Judges.

FRIEDMAN, Circuit Judge. In these two appeals, which we decide in a single opinion, the appellant Herschel Brent Minifee challenges his sentences in two related cases. In No. 09-1528, he contends that the district court improperly enhanced his sentence in a drug case to reflect his possession of a gun during that offense. In No. 09-1530, he objects to the sentence imposed for violating the terms of his supervised release under a prior sentence for possessing a firearm as a convicted felon. We affirm both sentences.

I - No. 09-1528

A. Upon his guilty plea to conspiracy to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846, 841, and possession of a firearm as a convicted felon, in violation of

---

[*]Daniel M. Friedman, United States Court of Appeals for the Federal Circuit, sitting by designation.

18 U.S.C. § 922(g), the United States District Court for the Western District of Michigan imposed concurrent sentences on Minifee of 172 months for the marijuana conspiracy and 120 months for the felon-in-possession charge.

Minifee's conviction followed a police investigation into the sale of large amounts of marijuana and counterfeit goods. On searching Minifee's home, police officers discovered a loaded .22 caliber long-rifle semi-automatic handgun hidden under the mattress of a child's crib. They also discovered a digital scale in the kitchen. A trained "drug dog" indicated the presence of trace amounts of unidentified narcotics on the scale. Several individuals told the officers that they bought from and sold to Minifee large amounts of marijuana, totaling close to 200 pounds.

At an evidentiary sentencing hearing, an FBI Special Agent stated that drug traffickers used digital scales to separate large shipments of drugs into smaller amounts, and to verify their own purchases. The Special Agent also testified that Burt Page reported delivering approximately two pounds of marijuana to Minifee's residence in December, 2007, and that Ronald Smith had seen Minifee carrying a handgun at his residence and store.

In determining Minifee's sentence, the district court largely followed the recommendations in the Presentence Report and made a number of adjustments to Minifee's offense levels pursuant to the United States Sentencing Guidelines. In the adjustment here challenged, the court increased Minifee's offense level for the drug offense by two levels for possessing a firearm during the drug conspiracy, pursuant to Guidelines § 2D1.1(b)(1). It increased his offense level for the felony gun

possession offense by four levels for possessing a firearm in connection with another felony, pursuant to Guidelines § 2K2.1(b)(6). Under the Guidelines' "grouping" provisions, which provide that for counts covering overlapping conduct the sentence should be based upon the offense with the highest Guidelines culpability level, Minifee's sentence was based primarily on the drug offense. The sentence for that offense (172 months) was concurrent with the felony-gun-possession sentence (120 months). Under the somewhat intricate calculations for determining these sentences, elimination of the four-level enhancement would not change Minifee's total sentence. In these circumstances, we need not further consider the four-level enhancement or Minifee's challenge to it.

Minifee objected to the Presentence Report's proposed two-level enhancement for gun possession. He contended that the evidence did not adequately link the gun found in his home to the drug conspiracy.

After receiving evidence and hearing argument, the district court overruled Minifee's objections and applied the enhancement. The court held that there was sufficient evidence that Minifee "possessed" the gun during the drug conspiracy, as the Guidelines required for the enhancement to apply. The court, however, imposed a longer term of imprisonment than the Presentence Report had recommended because the recommendation did not "adequately reflect" Minifee's criminal history, since it did not include several of his felony convictions. In light of his criminal history and "all of the [18 U.S.C. §] 3553 factors," the court imposed concurrent sentences of 172 months for the marijuana conspiracy and 120 months for the felon-in-possession charge.

B.  "A district court's determination that the defendant possessed a firearm during a drug offense is a factual finding that this court reviews under the clearly erroneous standard."  *United States v. Wheaton*, 517 F.3d 350, 367 (6th Cir. 2008).  As the case comes to us, the sole question is whether the district court's finding that Minifee possessed the firearm during the drug conspiracy to which he pleaded guilty was clearly erroneous.  It was not.

Section 2D1.1(b)(1) of the Guidelines calls for a two-level increase in the sentence "[i]f a dangerous weapon (including a firearm) was possessed" during a drug offense.  The government must show such possession "either actually or constructively."  *United States v. Darwich*, 337 F.3d 645, 665 (6th Cir. 2003).  "Constructive possession of an item is the ownership, or dominion or control over the item itself, or dominion over the premises where the item is located."  *United States v. Hill*, 79 F.3d 1477, 1485 (6th Cir.1996).

Although the Guidelines provision does not state what relationship between "possession" and the crime of conviction is necessary to make the enhancement applicable, the Guidelines' Application Note states:  "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."  U.S.S.G. § 2D1.1 cmt. n.3.  Once the government shows that the defendant possessed the weapon during the commission of the crime, there is a presumption that the weapon was connected to the offense, unless the defendant can demonstrate that "it is clearly improbable that the weapon was connected with the offense."  *United States v. Darwich*, 337 F.3d 645, 665 (6th Cir. 2003).  Thus, the requisite connection between the

weapon and the crime is that the defendant must have "possessed" the weapon during commission of the crime, i.e., when the defendant was engaging in the criminal conduct.

The district court's finding that Minifee "possessed" the gun during the drug conspiracy is not clearly erroneous. The fully-loaded gun was found hidden under the mattress of a child's crib in his home. *See United States v. Chalkias*, 971 F.2d 1206, 1217 (6th Cir. 1992) (noting that strange hiding places for guns may indicate concealment for an illegal purpose). The indictment charged that the drug conspiracy operated from about December 2006 through April 9, 2008; the gun was discovered in Minifee's home on the latter date. There was a digital scale in the kitchen, a device that the FBI Special Agent stated was used by drug traffickers, and it contained traces of an unidentified drug. Finally, there was evidence that an individual had delivered approximately two pounds of marijuana to Minifee's residence in December 2007 (when the conspiracy was still operating) and that another individual had seen Minifee carrying a handgun at his home and store.

Minifee seeks to explain and justify his possession of the handgun as intended for self protection, following a break-in at his home. This justification fails. Unlike the four-level enhancement under Guidelines § 2K2.1(b)(6) for a felon who possesses a firearm "in connection with another felony offense," the Guideline involved here requires only that the defendant "possess" the gun during the drug offense. Minifee has not shown that "it is clearly improbable" that the gun "was connected with the offense." *Darwich,* 337 F.3d at 665.

Based on the evidence, the district court's finding that Minifee "possessed" the handgun during the drug conspiracy was not clearly erroneous. The district court properly applied the Guidelines' two-level enhancement.

II - No. 09-1530

Prior to the drug conspiracy for which he was convicted in No. 09-1528, Minifee had been convicted of being a felon in possession of a firearm. He was sentenced to 96 months of imprisonment, followed by 36 months of supervised release. He completed his prison sentence and began his supervised release in November 2005.

After Minifee's involvement in the drug conspiracy (which occurred during his supervised release) was discovered, the government sought to revoke his supervised release because he had violated its terms and to punish him for those violations.

Following Minifee's sentencing in No. 09-1528, the district court turned to the supervised-release issue. Minifee admitted to the violations charged and the district court indicated that it deemed 24 months of imprisonment an appropriate sentence for that misconduct. In response, Minifee's lawyer suggested only that the sentence run concurrently with the sentence just imposed. The district court declined to do so, but provided that 12 months would run concurrently with, and 12 months consecutively to, the drug sentence.

Minifee's only objection to the supervised-release sentence is that it is "procedurally unreasonable" because "the district court miscalculated the sentencing guidelines" in setting the drug-case sentence. Our rejection of that contention in No. 09-1528 vitiates that argument and requires its rejection.

CONCLUSION

The sentences in both cases are affirmed.